Day, J.
 

 Two questions are presented by this record : First, whether or not the applicant gave proper notice by publication; second, whether the route over which the extension was granted was the same as that described in the application.
 

 As to the first of these grounds of attack, it is to be noted that the application before the commission contemplated a purely interstate operation, and the order of the commission expressly confines the extension granted “with the restriction to the transportation thereover of persons in interstate commerce only.” The commission further ordered that such service should “not be interpreted to include the carriage of passengers whose ride between points of origin and destination within the state of Ohio is made by way of a route which leaves and re-enters the state of Ohio.”
 

 It is conceded that no publication of the application was made, although a list of other transportation agencies was furnished to the commission with the application.
 

 This court has heretofore held, in
 
 Erie Rd. Co.
 
 v.
 
 Public Utilities Commission,
 
 and
 
 New Yorh Central Rd. Co.
 
 v.
 
 Public Utilities Commission,
 
 123 Ohio St., 682, 177 N. E., 766, that in a purely interstate operation publication of notice of filing application is not required, pursuant to the amendment of adminis
 
 *397
 
 trative order No. 100 as passed by tbe Public Utilities Commission on April 18, 1929, which was under consideration in the above noted cases; and we see no reason at this time to deviate from the rule therein announced. Hence, the prayer of the plaintiffs in error is denied as to that ground.
 

 The second ground of complaint is that the route over which the certificate was granted is not the same as that described in the application.
 

 An examination of the record discloses the description of the proposed extension is, in effect, as follows: After naming certain streets in the municipalities of Bridgeport and Martins Perry, thence to the north corporation limit of Martins Perry, thence via State Highway No. 7 to and through Mackey’s addition, returning via the same route to the corporation line of Martins Perry, etc. Also, the description contained this language:
 

 Mileage:
 

 Bridgeport (within corporate limits).........1.00
 

 Martins Perry (within corporate limits)...... 2.00
 

 Belmont county (exclusive corporate limits).. .25
 

 3.25
 

 The record further discloses, in the testimony of A. N. La Boche, president and general manager of the Eastern Ohio Transport Corporation, as follows:
 

 “Q. Well, you say you run through Mackey’s addition, where do you go after you go through Mackey’s addition? A. To this intersection where therp is a place to turn around, the Glens Bun road. * * *
 

 “Q. "Wherever your terminus is. You say you
 
 *398
 
 run to and through Mackey’s addition, and then you stop, and say ‘Returning via the same route to the corporation line of Martins Ferry.’ You don’t designate how far you go. A. I think it says one-fourth mile there.”
 

 Also, in the testimony of W. L. Turner, city engineer of Martins Ferry:
 

 “Q. What is the settlement known as about a quarter of a mile north of Martins Ferry at the Glens Run road intersection with Number 7 highway? A. That is commonly called Glens Run.”
 

 In its order the commission fixed the terminus of the extension granted as “thence via State Highway No. 7 to Glens Run road, a point one-fourth mile north of Martins Ferry.” The application clearly disclosed that there was to be a distance of one-fourth of a mile beyond the corporate limits of Martins Ferry upon State Highway No. 7, and that the proposed extension returned by the same route to the corporation line of Martins Ferry, thence through the municipality of Martins Ferry along the Zane highway to the corporation line, and the balance of the route to be the same as northbound.
 

 Under such a state of the record, we do not deem the application as insufficient.
 

 Finding that no prejudicial error has intervened upon either ground set forth by the plaintiffs in error, the finding of the Public Utilities Commission, being neither unlawful nor unreasonable, is hereby affirmed.
 

 Order affirmed.
 

 Marshall, C. J., Jones, Matthias, Kinkade and Robinson, JJ., eoncur. '